**DENTONS**

**Gary Meyerhoff**
Partner

gary.meyerhoff@dentons.com
D  +1 212 768 6740

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

T  +1 212 768 6700
F  +1 212 768 6800

Salans FMC SNR Denton
dentons.com

November 10, 2014

**BY E-MAIL**
**BY U.S. MAIL**

Josh Gold, Esq.
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020

Re:   <u>Excess Line Association of New York v. The Hanover Insurance
      Company and Massachusetts Bay Insurance Company</u>
      14-cv-8345 (LTS)(GWG)

Josh:

Attached please find the Court's Initial Conference Order in the above-referenced action. We presume that you have service of this from ECF, but the Order does require us to serve it on you, so we are doing so.

Sincerely,

*Gary Meyerhoff /* EPK

Gary Meyerhoff

Attachment

83342063\V-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Excess Line Association of New York,

        Plaintiff(s),

   -against-

The Hanover Insurance Company and
Massachusetts Bay Insurance Company,

        Defendant(s).

No.14CV8345-LTS-GWG
INITIAL CONFERENCE ORDER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 7 2014
```

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1. It is hereby ORDERED that a pre-trial conference will be held in the above-captioned matter on **January 16, 2015 at 12:00 p.m.** in Courtroom No. 12D[1], 500 Pearl Street, New York, New York 10007. It is further

2. ORDERED that counsel[2] for the removing defendant(s) must serve a copy of this Initial Conference Order on each other party within fourteen (14) days following the date of this order, and that a copy of this Initial Conference Order must also be served with any subsequent process that brings in additional parties, and that proof of such service must be filed promptly with the Court. It is further

3. ORDERED, that the removing defendant(s) must serve on all other parties and file **within fourteen (14) days following the date of this order** a submission providing the following information:

   a. A full explanation if all defendants who had been served at the time of removal did not join in the notice of removal.

   b. A full explanation if the notice of removal was dated more than thirty (30) days after the first defendant was served.

   c. If the action has been removed on grounds of diversity jurisdiction, a statement as to whether any of the defendants who had been served at the time of removal is a citizen of New York State. Such statement must take into account the citizenship of each member of any party defendant that is a limited liability company (LLC).

---

[1] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2] As used in this Order, the term "counsel" means, in the case of an individual party who is proceeding Pro-se, such party.

      d.      If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate party), if such states of citizenship were not set forth in the notice of removal.

If any plaintiff has a response to defendant's submission such response, if any, must be filed and served within fourteen (14) days of service of the submission. Any motion to remand the action to state court based on procedural defects in the removal must be filed, if at all, within thirty (30) days after removal. See 28 U.S.C. § 1447(c).

4.    ORDERED that counsel for the parties confer preliminarily **at least twenty-one (21) calendar days prior to the date set forth in paragraph 1 above** to discuss the following matters:

      a.      Facts that are not disputed and facts that are in dispute.
      b.      Contested and uncontested legal issues.
      c.      The disclosures required by Fed. R. Civ. P. 26(a)(1).
      d.      Anticipated amendments to the pleadings, and an appropriate deadline therefor.
      e.      Settlement.
      f.      Whether mediation might facilitate resolution of the case.
      g.      Whether the case is to be tried to a jury.
      h.      Whether each party consents to trial of the case by a magistrate judge.
      i.      Anticipated further discovery, including discovery of electronically stored information and procedures relevant thereto, and an appropriate deadline for the conclusion of discovery.
      j.      Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.
      k.      Whether dispositive motions may be appropriate, and a deadline for such motions.
      l.      Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

It is further

5.    ORDERED that counsel for all parties must confer and must prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, **no later than seven (7) calendar days before the date set forth in paragraph 1 above** a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which must be signed by all counsel, which must set forth the following information, and which will constitute the written report required by Fed. R. Civ. P. 26(f):

      a.      A concise statement of the nature of this action.
      b.      Whether there are any pending related criminal or civil actions.
      c.      A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
      d.      A concise statement of all material uncontested or admitted facts.
      e.      A concise statement of all uncontested legal issues.
      f.      A concise statement of all legal issues to be decided by the Court.
      g.      Each party's concise statement of material disputed facts.

    h.    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

    i.    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

    j.    A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

    k.    Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

    l.    A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

    m.    What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

    n.    The subjects on which disclosure may be needed and a proposed discovery cut-off date.

    o.    Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

    p.    What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

    q.    The status of settlement discussions and the prospects for settlement of the action in whole or in part, *provided* that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

    r.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

    s.    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

6.    ORDERED that counsel must be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor. It is further

7.    ORDERED that counsel attending the pre-trial conference must seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

8.    In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

9. This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

    IT IS SO ORDERED.

Dated: New York, New York
October 24, 2014

                                                      LAURA TAYLOR SWAIN
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true copies of the forgoing documents were served upon the attorneys listed below on this 11th day of November, 2014 via electronic mail and U.S. Mail:

Josh Gold, Esq.
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020

Dated:  November 10, 2014

/s/ Gary Meyerhoff
Gary Meyerhoff
Dentons US LLP
gary.meyerhoff@dentons.com
1221 Avenue of the Americas
New York, New York  10020-1089
Phone: (212) 768-6700
Fax: (212) 768-6800

*Attorneys for Defendants The Hanover Insurance Company and Massachusetts Bay Insurance Company*

83342562\V-1