UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

EXCESS LINE ASSOCIATION OF NEW
YORK,

              Plaintiff,

    -against-

THE HANOVER INSURANCE COMPANY
AND MASSACHUSETTS BAY
INSURANCE COMPANY,

              Defendants.

---------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

NO. 14 CV 8354 (LTS)(GWG)

**ANSWER**

      Defendants The Hanover Insurance Company and Massachusetts Bay Insurance

Company ("Hanover"), by its attorneys Dentons US LLP, for its Answer to the First Amended

Complaint filed by Plaintiff Excess Line Association of New York ("ELANY") on November 6,

2014 ("the Complaint"), hereby state as follows:

## <u>NATURE OF THE ACTION</u>

      1.     State that paragraph 1 of the Complaint asserts a legal conclusion as to which no

response is required.

      2.     State that paragraph 2 of the Complaint asserts a legal conclusion as to which no

response is required.

      3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit that

Hanover presented a position on coverage in correspondence sent to ELANY and respectfully

refer the Court to that correspondence for its true, complete, and correct contents.

4.      Deny the allegations contained in paragraph 4 of the Complaint, except admit that Hanover presented a position on coverage in correspondence sent to ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

## PARTIES

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Admit the allegations contained in paragraph 9 of the Complaint.

10.     Admit the allegations contained in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     State that paragraph 11 of the Complaint asserts a legal conclusion as to which no response is required.

12.     State that paragraph 12 of the Complaint asserts a legal conclusion as to which no response is required.

13.     State that paragraph 13 of the Complaint asserts a legal conclusion as to which no response is required.

## BACKGROUND

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint, except admit that Hanover entered into a transaction with OneBeacon and respectfully refer the Court to the documents memorializing that transaction for their true, complete, and correct contents.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit that Hanover has employed underwriters who were formerly employed with OneBeacon.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit that Hanover entered into a transaction with OneBeacon and respectfully refer the Court to the documents memorializing that transaction for their true, complete, and correct contents.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admit that Frederick H. Eppinger has made statements about the transaction with OneBeacon and respectfully refer the Court to such statements for their true, complete, and correct contents.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit that Exhibit A purports to be an email between Gaston & Associates, Inc. ("Gaston") and ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit that Exhibit A purports to be an email between Gaston and ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admit that Exhibit A purports to be an email between Gaston and ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

23.     Deny the allegations contained in the first sentence of paragraph 23 of the Complaint, except admit that Hanover has issued insurance policies to ELANY and respectfully refer the Court to those insurance policies for their true, complete, and correct contents; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 23 of the Complaint, except admit that Exhibit B purports to be the 12/31/09-12/31/10 primary and umbrella policies issued by OneBeacon to ELANY.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint, except admit that Hanover sent correspondence dated December 14, 2010 and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

28.     Deny the allegations contained in paragraph 28 of the Complaint, except admit that Hanover sent correspondence dated December 14, 2010 and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in the first sentence of paragraph 30 of the Complaint, except admit that Hanover sent correspondence dated December 14, 2010 and respectfully refer the Court to that correspondence for its true, complete, and correct contents; admit the allegations contained in the second sentence of paragraph 30 of the Complaint.

**The Primary CGL Coverage**

31.     Admit the allegations contained in paragraph 31 of the Complaint; admit that the document attached as Exhibit D purports to be a true and accurate copy of the Primary Insurance Policy.

32.     Deny the allegations contained in paragraph 32 of the Complaint, except admit that Hanover provides insurance coverage to ELANY under the Primary Insurance Policy and respectfully refer the Court to that policy for its true, complete, and correct contents.

**The Umbrella Insurance Policy**

33.     Admit the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint, except admit that Hanover provides insurance coverage to ELANY under the Umbrella Insurance Policy and respectfully refer the  Court to that policy for its true, complete, and correct contents.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Admit the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint, except admit that Hanover presented a position on coverage in correspondence sent to ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

38.     Deny the allegations contained in paragraph 38 of the Complaint, except admit that Hanover presented a coverage position in correspondence sent to ELANY and respectfully refer the Court to that correspondence for its true, complete, and correct contents; and admit that Hanover agreed to defend ELANY under a reservation of rights.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     State that paragraph 41 of the Complaint asserts a legal conclusion as to which no response is required.

42.     State that paragraph 42 of the Complaint asserts a legal conclusion as to which no response is required.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     State that paragraph 45 of the Complaint asserts a legal conclusion as to which no response is required.

46.     State that paragraph 46 of the Complaint asserts a legal conclusion as to which no response is required.

47.     State that paragraph 47 of the Complaint asserts a legal conclusion as to which no response is required.

48.     State that paragraph 48 of the Complaint asserts a legal conclusion as to which no response is required.

49.     Deny the allegations contained in paragraph 49 of the Complaint, except admit that Hanover communicated with ELANY about coverage and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

50.     State that paragraph 50 of the Complaint asserts a legal conclusion as to which no response is required.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     State that paragraph 52 of the Complaint asserts a legal conclusion as to which no response is required.

## COUNT I

### (Declaratory Judgment)

53.     Repeat and reallege their responses to paragraphs 1 through 52 of the Complaint as if set forth in full herein.

54.     Deny the allegations contained in paragraph 54 of the Complaint, except admit that Hanover presented a position on coverage in correspondence sent to ELANY and respectfully refer the  Court to that correspondence for its true, complete, and correct contents.

55.     Admit that ELANY asserts the positions set forth in paragraph 55 of the Complaint.

56.     State that paragraph 56 of the Complaint asserts a legal conclusion as to which no response is required.

57.     State that paragraph 57 of the Complaint asserts a legal conclusion as to which no response is required.

58.     State that paragraph 58 of the Complaint asserts a legal conclusion as to which no response is required.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

## COUNT II

**(Breach of Contract)**

60.     Repeat and reallege their responses to paragraphs 1 through 59 of the Complaint as if set forth in full herein.

61.     State that paragraph 61 of the Complaint asserts a legal conclusion as to which no response is required.

62.     State that paragraph 62 of the Complaint asserts a legal conclusion as to which no response is required.

63.     State that paragraph 63 of the Complaint asserts a legal conclusion as to which no response is required.

64.     State that paragraph 64 of the Complaint asserts a legal conclusion as to which no response is required.

65.     State that paragraph 65 of the Complaint asserts a legal conclusion as to which no response is required.

66.     State that paragraph 66 of the Complaint asserts a legal conclusion as to which no response is required.

## COUNT III

**(Reformation)**

67.     Repeat and reallege their responses to paragraphs 1 through 66 of the Complaint as if set forth in full herein.

68.     Deny the allegations contained in the first sentence of paragraph 68 of the Complaint, except admit that Hanover entered into a transaction with OneBeacon and

respectfully refer the Court to the documents memorializing that transaction for their true, complete, and correct contents; deny the allegations contained in the second sentence of paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 71 of the Complaint, except admit that Hanover issued insurance policies to ELANY and respectfully refer the Court to those insurance policies for their true, complete, and correct contents.

73.     Deny the allegations contained in paragraph 73 of the Complaint, except admit that Hanover sent correspondence dated December 14, 2010 and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

74.     Deny the allegations contained in paragraph 74 of the Complaint, except admit that Hanover sent correspondence dated December 14, 2010 and respectfully refer the Court to that correspondence for its true, complete, and correct contents.

75.     Deny the allegations contained in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.   Deny the allegations contained in paragraph 78 of the Complaint, except admit that LeAnne Wade works in Hanover's Virginia office and was involved in underwriting Hanover insurance policies issued to ELANY.

79.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.   State that paragraph 82 of the Complaint asserts a legal conclusion as to which no response is required.

83.   State that paragraph 83 of the Complaint asserts a legal conclusion as to which no response is required.

84.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.   Deny the allegations contained in paragraph 85 of the Complaint.

86.   Deny the allegations contained in paragraph 86 of the Complaint.

87.   Deny the allegations contained in paragraph 87 of the Complaint.

88.   Deny the allegations contained in paragraph 88 of the Complaint.

89.   Deny the allegations contained in paragraph 89 of the Complaint.

90.   State that paragraph 90 of the Complaint asserts a legal conclusion as to which no response is required.

91.     State that paragraph 91 of the Complaint asserts a legal conclusion as to which no response is required.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.     State that paragraph 95 of the Complaint asserts a legal conclusion as to which no response is required.

96.     State that paragraph 96 of the Complaint asserts a legal conclusion as to which no response is required.

97.     State that paragraph 97 of the Complaint asserts a legal conclusion as to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

ELANY has not asserted, nor can it assert, a sustainable legal basis to reform, change, modify, disregard, or otherwise ignore the terms of the Primary Insurance Policy to avoid application of exclusions to coverage that bear on its current claim to have the Underlying Complaint covered.

### Third Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, because ELANY and/or its representatives received and accepted the terms of the Primary Insurance Policy.

### Fourth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, because Hanover never represented to ELANY or its representatives that it would provide insurance coverage identical to, "substantially the same as," or "upon the same fundamental terms as" the coverage ELANY previously had received from OneBeacon.

### Fifth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, based upon purported reliance on ELANY's interpretation of the language of the December 14, 2010 summary offer of insurance to ELANY because that document states:

> "The policy should be reviewed upon receipt for coverage terms and conditions.  If there is any conflict between the policy and this summary, the provisions of the policy shall prevail."

### Sixth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, based upon purported reliance on ELANY's interpretation of the language of the  December 14, 2010 summary offer of insurance to ELANY because the language in that document does not make it reasonable to assume that coverage was being provided on terms identical to, "substantially the same as," or

"upon the same fundamental terms as" the terms of coverage ELANY previously had received from OneBeacon.

### Seventh Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, based upon any Hanover transaction with OneBeacon, whether described as a "renewal rights" agreement or otherwise, because ELANY was neither a party to nor an intended beneficiary of such transaction.

### Eighth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, based upon any Hanover transaction with OneBeacon, whether described as a "renewal rights" agreement or otherwise, because, upon information and belief, neither ELANY nor its representatives actually reviewed or understood the terms of any such transaction prior to accepting the terms of the Primary Insurance Policy.

### Ninth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, under a theory of mutual mistake because any purported mistake as to the coverage provided was not mutual; Hanover never intended, nor agreed, to provide coverage to ELANY that would be identical to, "substantially the same as," or "upon the same fundamental terms as" the coverage it previously had received from OneBeacon, and the Primary Insurance Policy as offered to and accepted by ELANY, contains the terms and exclusions Hanover intended to offer for ELANY's acceptance.

## Tenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, on the grounds that the Primary Insurance Policy contains a Hanover mistake or a "scrivener's error" because Hanover never intended, nor agreed, to provide coverage to ELANY that would be identical to, "substantially the same as," or "upon the same fundamental terms as" the coverage it previously had received from OneBeacon, and the Primary Insurance Policy as offered to and accepted by ELANY contains the terms and exclusions Hanover intended to offer for ELANY's acceptance.

## Eleventh Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, under a theory of fraud or unilateral mistake because no fraud was perpetrated.

## Twelfth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, under a theory of fraud or unilateral mistake because Hanover did not represent any facts to ELANY in connection with the offer and acceptance of the Primary Insurance Policy that were (untrue and/or that Hanover knew to be untrue) at the time.

## Thirteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, under a theory of fraud or unilateral mistake because it cannot prove the element of justifiable reliance as a matter of law: ELANY received written notice from Hanover that if the provisions of the policy delivered to

ELANY conflicted in any way with the summary offer of insurance, the provisions of the policy would prevail.

### Fourteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, under a theory of fraud or unilateral mistake because ELANY has no basis to allege the element of scienter -- that Hanover made false statements with the intent to induce reliance; there is no good faith basis to infer any such intent from the December 14, 2010 summary offer of insurance and, upon information and belief, ELANY has no other basis upon which to infer such intent.

### Fifteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, on the grounds that Hanover was providing ELANY with a "renewal" of its OneBeacon coverage because, upon information and belief, ELANY received a notice of non-renewal from OneBeacon pursuant to New York Insurance Law §3426(e) and knew, or should have known, that what Hanover was offering would not constitute a "renewal" under New York Insurance Law.

### Sixteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, on the grounds that Hanover was providing ELANY with a "renewal" of its OneBeacon coverage because, pursuant to New York Insurance Law §3426(a)(4), the terms "renewal" or "to renew" mean, in pertinent part, only "the issuance or offer to issue by an insurer of a policy superseding a policy previously issued

and delivered by the same insurer, or another insurer under common control . . . .", and Hanover

is not the same insurer as, nor is under common control with, OneBeacon.

## Seventeenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other

relief that would change the terms of the Primary Insurance Policy, on the grounds that Hanover

was providing ELANY with a "renewal" of its OneBeacon coverage because, upon being offered

an insurance policy from a new carrier, ELANY has no legal basis to claim that it was not

obliged to review the terms of the policies Hanover had issued and ELANY accepted.

## Eighteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other

relief that would change the terms of the Primary Insurance Policy, on the grounds that it did not

know that terms or provisions of the Primary Insurance Policy were not identical to,

"substantially the same as," or "upon the same fundamental terms as" its prior coverage with

OneBeacon because, as a matter of New York law, ELANY in charged with knowledge of the

terms of the contract it was offered and accepted those terms.

## Nineteenth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other

relief that would change the terms of the Primary Insurance Policy, on the grounds that it fails to

reflect the meeting of the minds between the parties because the Primary Insurance Policy does

reflect the meeting of the minds, given Hanover's intent to offer the contract provided and

ELANY's acceptance of those contract terms as written.

### Twentieth Defense

ELANY is not entitled to reformation of the Primary Insurance Policy, or to any other relief that would change the terms of the Primary Insurance Policy, on the grounds that Hanover "misclassified" ELANY as an insured, whether as "an Insurance Agent or Broker" or otherwise, because ELANY has no legal right or entitlement to any particular insurance classification -- an insurance policy is a contract, and the Primary Insurance Policy's terms were offered and accepted.

### Twenty-first Defense

ELANY's claims for breach of contract and/or for a declaration that the Primary Insurance Policy covers the Underlying Complaint against ELANY for malicious prosecution, to the extent such claims are based upon ELANY's contention that the Primary Insurance Policy should be reformed or otherwise changed, are barred for the reasons stated in the defenses set forth above.

### Twenty-second Defense

ELANY's claims for breach of contract and/or for a declaration that the Primary Insurance Policy covers the Underlying Complaint against ELANY for malicious prosecution are barred because the claim for such coverage falls within policy exclusions, including the Insurance and Related Operations exclusion, because the malicious prosecution action resulted from actions ELANY took to manage an insurance association -- specifically, seeking to collect money from a member of that association.

### Twenty-third Defense

ELANY's claims for breach of contract and/or for a declaration that the Primary Insurance Policy (and/or the Umbrella Insurance Policy) covers the Underlying Complaint

against ELANY for malicious prosecution are barred because the claim for such coverage falls within policy exclusions, including the Knowing Violation of Rights of Another exclusion, because the "personal and advertising injury" at issue was the result of conduct undertaken at the direction of the insured.

**Twenty-fourth Defense**

ELANY's claim for breach of contract is barred because ELANY has no damages arising from Hanover's coverage decision on the Primary Insurance Policy -- ELANY is being provided with a defense for the Underlying Complaint under the Hanover Umbrella Insurance Policy, subject to a customary reservation of rights given the possibility that subsequent developments in the Underlying Complaint could render the claim uncovered.

**Twenty-fifth Defense**

ELANY's claims for breach of contract and/or for a declaration that the Primary Insurance Policy (and/or the Umbrella Insurance Policy) covers the Underlying Complaint against ELANY for malicious prosecution are barred, in whole or in part, because the Hanover Policies do not provide coverage for punitive damages.

**Twenty-sixth Defense**

ELANY's claims are barred, in whole or in part, to the extent that any of the injuries or damages from or at issue in the subject malicious prosecution claim occurred before or after the expiration of the Hanover Insurance Policies.

**Twenty-seventh Defense**

ELANY's claims are barred, in whole or in part, to the extent that ELANY has failed to perform all of its obligations under the Hanover Insurance Policies, including the obligation to

cooperate with Hanover with respect to the matters for which ELANY has sought insurance coverage.

### Twenty-eighth Defense

ELANY's claims are barred, in whole or in part, to the extent that any of the injuries or damages from or at issue in the subject malicious prosecution claim occurred before or after the periods covered by the Hanover Insurance Policies.

### Twenty-ninth Defense

To the extent that Hanover has failed to mitigate, minimize or avoid any loss it allegedly sustained, recovery against Hanover, if any, must be reduced by that amount.

### Thirtieth Defense

To the extent ELANY seeks declaratory or other relief with respect to the terms of the Umbrella Insurance Policy or any obligations of Hanover under the Umbrella Insurance Policy, including with respect to the rights Hanover reserved in connection with the provision of a defense to ELANY for the Underlying Complaint, such relief is barred due to ELANY's failure to identify any basis upon which a final determination of coverage under the Umbrella Policy can be made at this point, and because it is premature to make any such determination as to coverage under the Umbrella Insurance Policy at this point.

### Thirty-first Defense

ELANY's claims are barred by the doctrines of laches, waiver, release, accord and satisfaction, estoppel and/or unclean hands.

### Thirty-second Defense

The Complaint does not describe the claims made against Hanover with sufficient particularity to enable Hanover to fully determine what defenses (including defenses based upon

the terms, conditions or exclusions of policies issued by it) it has in response to this suit.

Hanover, therefore, reserves the right to assert all defenses which may be pertinent to the

Complaint once the precise nature of the claim is ascertained through further discovery and

investigation.

Dated:  New York, New York                    Respectfully submitted,
         November 20, 2014
                                             DENTONS US LLP


                                             By:*/s/ Gary Meyerhoff*
                                                Gary Meyerhoff
                                                gary.meyerhoff@dentons.com
                                                1221 Avenue of the Americas
                                                New York, New York  10020-1089
                                                Tel: (212) 768-6700
                                                Fax: (212) 768-6800

                                           Attorneys for Defendants
                                           The Hanover Insurance Company and
                                           Massachusetts Bay Insurance Company

83373417\V-2